UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mark G. Johnson &                 Hon.
Paul H. Eichenberg,
      Plaintiffs,
  v.

Roberts & Freatman, PLC.
                                 TRIAL BY JURY DEMANDED
      Defendants

## COMPLAINT

## INTRODUCTION

1. Plaintiffs Mark Johnson and Paul Eichenberg ("Plaintiffs"), brings this action to secure redress against unlawful credit and collection practices engaged in by Roberts & Freatman, PLC (Roberts and Freatman), Plaintiffs allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") based on the lawsuit filed by Defendant against Plaintiffs for a debt that had been previously reduced to a Judgment and the same debt had been discharged in Bankrupcty and Complaint that contains false and misleading statements.

2. Plaintiff also allege that <u>Exhibit A</u>, violates state law M.C.L. § 445.252, or in the alternative, M.C.L § 339.915.

3. Mark Johnson is an employed individual at Yankee Candle. In

enacting the FDCPA, Congress recognized the:

universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule . . . . [T]he vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce.

S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), reprinted in 1977

USCCAN 1695, 1697.

4. Paul Eichenberg is an employed at H&M and is an individual. In enacting the FDCPA, Congress recognized the:

universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule . . . . [T]he vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce.

S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), reprinted in 1977

USCCAN 1695, 1697.

5. The FDCPA is broad in its prohibition of unfair or unconscionable collections methods including the use of any false, deceptive or misleading statements in connection with the collection of a debt. Furthermore, "It is the purpose of [the FDCPA] to eliminate abusive debt collection practices by debt collectors, to insure that those debt

collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. . . ." 15 U.S.C. § 1692(e).

## 6. JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).  This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 as the wrongful conduct arises out of a common nucleus of operative facts.

8. Venue and personal jurisdiction over Defendant in this District is proper because:

9. Defendants resides in the District;

10. Roberts & Freatman, collection activities through the use of the legal process that occurred within the District.

## 11. PARTIES

12. Plaintiffs are individuals that formerly who resided in the Eastern District of Michigan, but currently reside in Texas.

13. Roberts & Freatman, PLC is a Michigan Professional Limited Liability Corporation.  Roberts & Freatman's principal place of business is located at 125 N Huron St, Ypsilanti, Michigan 48197.  For service of process, Roberts & Freatman's registered agent is Ellis B Freatman, III, 125 N Huron St, Ypsilanti, Michigan 48197.

14. Roberts & Freatman is a "debt collector" as defined by 15 U.S.C. § 1692a(6). See also *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

15. Roberts & Freatman is a "collection agency" as defined by M.C.L. § 445.251(b), or alternatively M.C.L. § 339.901(b).

## FACTS

16. On or about April 19, 2013 Plaintiffs former Condominium home at 9573 Harbour Cove Ct., Ypsilanti, Michigan 48197 was foreclosed by Chase Home Finance <u>Exhibit B</u>.

17. Prior to the foreclosure, Plaintiffs had become delinquent in their Condominium Association fees.

18.     On or about June 25, 2013 Harbour Cove Condominium Association filed a lawsuit in the 18th District Court located in Westland, Michigan being Harbour Cove Condominium Association v Mark Johnson and Paul Eichenberg Case No. 13-28424-GC <u>Exhibit C</u> for unpaid Condominium Fees.

19. Harbour Cove Condominium Association obtained a Default Judgment against Plaintiffs in the 18th District Court being case number 13-28424-GC in the approximate amount of $6,498.50 <u>Exhibit D</u>.

20. On or about November 12, 2013 Harbour Cove Condominium Association garnished monies from Plaintiffs joint bank account in the amount of $871.18 pursuant to a Judgment obtained in the 18th District Court.

21. On July 31, 2014 Plaintiff Mark Johnson filed for Chapter 7 Bankruptcy protection Case No. 14-52498 <u>Exhibit E</u>.

22. On July 31, 2014 Plaintiff Paul Eichenberg filed for Chapter 7 Bankruptcy protection Case No. 14-52499 <u>Exhibit E</u>.

23. Both Plaintiffs listed a debt owed to Harbour Cove Condo Assoc c/o Catherine Mills 44670 Ann Arbor Rd., #170, Plymouth, Michigan 48170 <u>Exhibit F.</u>

24. Catherine E. Mills was the attorney that filed the lawsuit on behalf of Harbour Cove Condominium Association against Plaintiffs in the 18th District Court.

25. Each Plaintiff received a Chapter 7 Discharge on November 4, 2014 <u>Exhibit G.</u>

26. On February 8, 2016 Harbour Cove Condominium Association filed a lawsuit against Plaintiffs in the 14B District Court being case number 16-0563 <u>Exhibit A</u>.

27.     The lawsuit filed was ostensibly for collection of past due assessments from prior owners of a condominium unit at Harbour Cove.

28.     Defendant Roberts & Freatman caused to be served a summons and complaint on Plaintiffs.

29.     Plaintiffs were both very distraught by the summons and complaint believing that they would have to pay the debt.

30.     11 USC § 362(a)(1-2, 5-6)  prohibits,

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title

31. Defendants complaint filed in the 14B District Court contains false statements:
    a. "There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in the complaint". Such a statement is patently false as Plaintiffs were subject to a prior lawsuit in the 18th District Court being case number 13-28424-GC over the same delinquent fees.
    b. Paragraph 3 of the Complaint states,
       That Defendants have not paid and are now delinquent in their association dues and assessments in the amount of 4,962.60. Such a statement is false as Plaintiffs obligation to pay association dues terminated when the property was foreclosed April 19, 2013 and their personal liability for overdue assessments prior to the foreclosure was discharged in bankruptcy.

c. Paragraph 4 of the Complaint states,

"That unless paid, this delinquency will increase during the pendency of this action".  This statement directly conflicts with paragraph 2 of the Complaint and is false as Plaintiffs obligation to pay association dues terminated when the property was foreclosed on April 19, 2013 and their personal liability for overdue assessments prior to the foreclosure was discharged in bankruptcy.

d. Paragraph 5 of the Complaint states,

"That despite numerous written and oral requests the Defendants have refused to pay said dues and assessments". Plaintiffs never received any such demands and any demands outlined in paragraph 5 would have violated Plaintiffs bankruptcy discharges.

e. Paragraph 6 of the Complaint states,

"That pursuant to the Condominium Association Bylaws and Master Deed, Defendants are liable for the actual costs and fees of collection".  This statement is false as Plaintiffs obligation to pay association costs and fees of collection terminated when the property was foreclosed on April 19, 2013 and their personal

    liability for costs and fees of collection prior to the foreclosure was discharged in bankruptcy.

f. Plaintiffs were sued in 14B District Court for Ypsilanti Township.  At the time of the lawsuit as filed by Defendants, Plaintiffs resided in Westland and no longer owned property or resided in Ypsilanti Township.

g. The Sixth Circuit applies the "least sophisticated consumer" standard in evaluating FDCPA violations.  *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1028 (6th Cir. 1992).

## COUNT I
## FDCPA § 1692e VIOLATIONS

32. Plaintiff incorporates paragraphs 1-39 above.

33. 15 U.S.C § 1692e, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> - * *
>
> (2) The false representation of --
>
>     (A)    the character, amount, or legal status of any debt;
>
> - * *

> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> * * *
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> .S.C. §§ 1692e, e(2)(A), e(3), e(5) and e(10).

34.     If a creditor has acknowledged that a debt is discharged in Bankruptcy, creditor would be unable to continue to collect the discharged debt.

35.     <u>Exhibit A</u> is deceptive and misleading as to the debt being due and owing.

36.     Roberts & Freatman, violated 15 U.S.C. §§ 1692e, e(2), e(3), e(5) and e(10).

> **WHEREFORE**, this Court should enter judgment in favor of Plaintiffs and against Defendant for:
>
> (1)     Statutory damages for each Plaintiff in the amount of up to $1,000;

10

(2)   Attorney's fees, litigation expenses and costs of suit;

and

(3)   Such other relief as the Court deems proper.

## COUNT II
## STATE LAW VIOLATIONS

37.   Plaintiff incorporates paragraphs 1-44 above.

38.   M.C.L. § 445.252 and M.C.L § 339.915, in pertinent part, states as prohibited acts:

> \* \* \*
>
> (e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt . . . .
>
> (f) Misrepresenting in a communication with a debtor 1 or more of the following:
>
> (i)   The legal status of a legal action being taken . . . .

30.

Roberts & Freatman, violated M.C.L. §§ 445.252(e) and

(f)(i), alternatively Roberts & Freatman, violated M.C.L.

§§ 339.915(e) and (f)(i).

**WHERFORE**, this Court should enter judgment in favor of

Plaintiffs and the class and against Defendant for:

11

      a. For statutory damages as the court may allow up to $1,000 under § 1692k(a)(2); and

      b. Attorney's fess, litigation expenses and costs of suit.

Respectfully submitted,

Dated February 8, 2017      /s/ John Evanchek, Esq.
                               John Evanchek, Esq.

KELLEY & EVANCHEK, PC
John Evanchek, Esq. P66157
43695 Michigan Ave
Canton, Michigan 48188
(734) 397-4540
John@kelawpc.com

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully submitted,

Dated February 8, 2017      /s/ John Evanchek, Esq.
                               John Evanchek, Esq.

KELLEY & EVANCHEK, PC
John Evanchek, Esq. P66157
43695 Michigan Ave
Canton, Michigan 48188
(734) 397-4540
John@kelawpc.com